**CLERK'S OFFICE**
**A TRUE COPY**
Oct 01, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>1810 W Atkinson Avenue, WI 53206 ("Target Location 4"), as further described in Attachment A4 | Case No. 24 MJ 191 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A4.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __October 14, 2024__ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. William E. Duffin__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __October 1, 2024 at 6:47 PM__

*William E. Duffin*
*Judge's signature*

City and state: __Milwaukee, WI__   Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: 24-MJ-191 | Date and time warrant executed: 10/02/2024 0600 | Copy of warrant and inventory left with: N/A |
|---|---|---|

Inventory made in the presence of: N/A

Inventory of the property taken and name(s) of any person(s) seized:

SEE ATTACHED RECEIPT OF PROPERTY

JAD

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/03/2024

*Executing officer's signature*

JACOB DETTMERING, SPECIAL AGENT
*Printed name and title*

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
# Receipt for Property

**Case ID:** 245D-MW-3737275

**On (date)** 10/02/2024

item(s) listed below were:
- ☑ Collected/Seized
- ☐ Received From
- ☐ Returned To
- ☐ Released To

**(Name)**

**(Street Address)** 1810 W Atkinson Ave

**(City)** Milwaukee , Wisconsin

**Description of Item(s):** 1B334: Drug ledgers on cardboard/paper

1B335: Drug Ledger

1B336: Rifle Case

1B337: White frozen chunky substance

1B338: Scales with residue

1B339: Drug packaging

1B340: (2) small scales

1B341: Scale

1B342: kilo wrapper with residue

1B343: White chunky substance in plastic corner cut baggie

1B344: brown chunky substance in corner cur plastic baggie

1B345: Silver/black scale

1B346: (1) 7.62 unspent round

1B347: THC packaging and labels

1B348: Genme 5.56 magazine with unknown number of unspent rounds

1B349: Black weighmax scale

1B350: Piece off luggage with debris inside

1B351: Colt .40 caliber UZI Eagle pistol, SN: 97308727

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
# Receipt for Property

1B352: (2) .40 caliber magazines containing .40 caliber unfired rounds

1B353: Colt Government Model .45 pistol, SN: 36961G70

1B354: .45 Caliber magazine with 8 unfired rounds

1B355: Gun Box containing the (2) firearms on the bed under pillow

1B356: (3) plastic storage bags

1B357: Fuzion 2x2000 digital scale

1B358: Clear knotted bag of leafy green substance

1B359: Glass Pyrex measuring with residue and silver butter knife

1B360: mail with identifiers

1B361: Mason Jars

1B362: Aluminum Foil (roll)

1B363: Box of gallon ziplock bags

1B364: (1) large scale

1B365: (1) small scale

1B366: (1) Blender

1B367: (1) unfired round

1B368: Pyrex Measuring Cup

1B369: Drug ledger document

1B370: Black 7.62 magazine with 22 unspent rounds

1B371: Rental Agreement

1B372: Samsung tablet

1B373: Android cell phone in blue case

1B374: Black Amazon tablet

1B375: Black Android phone

1B376: Drug packaging material with writing

1B377: piece of drug packaging material with writing

1B378: HP Laptop computer

1B379: HP Laptop

1B380: Toshiba Satellite Laptop

1B381: Black TCL Tablet

1B382: (1) white external hard drive, (1) black external hard drive

1B383: black /red Anker USB stick

1B384: Ammo box with unknown number of various caliber unfired cartridges

1B385: Green canister with pills

1B386: Video Surveillance System (Hard drive and monitor)

1B387: (2) purple disposable gloves

1B388: Drug packaging material with writing

# ATTACHMENT A4
*Location to be Searched*

1810 W Atkinson Avenue, Milwaukee, WI ("**Target Location 4**") is one of seemingly four street addresses associated with a two-story brick, multi-use building with a flat roof, and a south entry front door, and north entry rear door. The numerals 1810 are displayed above the door on the archway. The building seemingly has six (6) units on the second floor and one unit on the first floor with direct access to the rear stairwell. This warrant authorizes the search of all premises associated with this address. This warrant further authorizes law enforcement to compel persons found at this location to submit to the biometric-unlock procedures described in Attachment B.



1

# ATTACHMENT B

ITEMS TO BE SEIZED

1. The items to be seized are evidence, contraband, fruits, records or instrumentalities relating to violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute Controlled Substances), 846 (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances), and 843(b) (Use of Communications Facilities to Facilitate Controlled Substance Felonies); Title 18, United States Code, Section 922(g) (Felon-in-Possession of a Firearm); Title 18, United States Code, Section 922(o) (Possession of a Machine Gun); and Title 18, United States Code, Section 2(a) (Aiding and Abetting the Aforementioned Offenses (the "Subject Offenses"), from January 1, 2023, to the date of this warrant, namely:

    a. Controlled substances and/or paraphernalia;

    b. Packaging for controlled substances;

    c. Drug ledgers and/or documentation;

    d. Records and information relating utility bills, writings, cell phones, computers, receipts, notes, ledgers, receipts and/or other documentary evidence establishing who is in control of the premises;

    e. Firearms, including pistols, handguns, shotguns, rifles, assault weapons, machine guns, magazines used to hold ammunition, silencers, components of firearms including laser sights and other components which can be used to modify firearms, ammunition and ammunition components, bulletproof vests, gun boxes and any and all documentation related to the purchase of such items;

f.  Records of off-site storage locations, including but not limited to safe deposit box keys and records, and records and receipts and rental agreements for storage facilities;

g.  Duffel, canvas bags, suitcases, safes, or other containers to hold or transport controlled substances and drug trafficking related items and proceeds;

h.  Bank account records, loan documents, wire transfer records, money order receipts, postal express mail envelopes, bank statements, safe deposit box keys and records, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of controlled substances, or financial transactions related to the trafficking of controlled substances;

i.  Photographs, videotapes or other depictions of assets, firearms, coconspirators, or controlled substances; and,

j.  Records and information relating to the identity or location of Dominique WILLIAMS; Malik NICHOLS; Jerald CAMPBELL; Devin EILAND; Anthony HANES; Charles BROWN; Andre MCKEE; Chauncey KING; or Europe JAMES (the "Target Subjects").

2. Any digital device which is itself or which contains evidence, contraband, fruits, records, or instrumentalities of the Subject Offenses, and forensic copies thereof.

3. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

a.  evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted;

3

b. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the attachment of other devices;

d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

e. evidence of the times the device was used;

f. applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

g. records of or information about Internet Protocol addresses used by the device.

4. As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

5. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

SEARCH PROCEDURE FOR DIGITAL DEVICES

    1.    In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a.    Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

    b.    The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

    i.    The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the scope of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of items to be seized.

    ii.    The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii.    The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

    c.    The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

5

d. If the search determines that a digital device does not contain any data falling within the scope of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e. If the search determines that a digital device does contain data falling within the scope of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the scope of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

2. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

3. During the execution of this search warrant, law enforcement is permitted to: (1) depress the Target Subjects' thumbs and/or fingers onto the fingerprint sensor of the device (only

6

when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the Target Subjects' faces with their eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

4. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

5. These warrants are being executed by the Milwaukee Area Safe Streets Task Force, which is comprised of both state, local, and federal law enforcement.